**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ELIZABETH OBENG, Individually and as *Administratrix ad Prosequendum* of the Estate of Samuel Obeng,<br>Plaintiff,<br>v.<br>ZIMMER BIOMET HOLDINGS, INC., *et al.*,<br>Defendants. | No. 25-cv-15754<br><br>**MEMORANDUM ORDER** |

**CECCHI, District Judge.**

Before the Court is plaintiff Elizabeth Obeng's ("Plaintiff") motion to remand this action to the Superior Court of New Jersey, Law Division, Bergen County. ECF No. 61; *see* ECF No. 61-5 ("Moving Br."). Defendants Howmet Corporation and Howmet Aerospace, Inc. (the "Howmet Defendants") opposed the motion, ECF No. 87 ("Opp'n Br."), and Plaintiff replied, ECF No. 96 ("Reply Br."). In addition, pursuant to this Court's Order dated May 20, 2026, ECF No. 117, defendant Biomet Fair Lawn, LLC[1] ("Biomet Fair Lawn," d/b/a "Zimmer Biomet") provided a supplemental submission concerning its "complete membership structure," ECF No. 118 at 1. The Court decides the motion to remand without oral argument. Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons stated below, the Court finds procedural deficiencies with the Howmet Defendants' notice of removal but will allow the Howmet Defendants to amend their notice.

**WHEREAS** on July 29, 2025, Plaintiff, a citizen of New Jersey, filed a complaint in the Superior Court of New Jersey on behalf of herself and as *Administratrix ad Prosequendum* of the Estate of Samuel Obeng. *See* ECF No. 2-1, Ex. A ("Compl."). The complaint alleges that Mr.

---

[1] The parties appear to agree that "Biomet Fair Lawn, LLC [was] incorrectly sued . . . as Zimmer Biomet Holdings, Inc." ECF No. 118 at 1; *see also* Moving Br. at 1–2.

Obeng was exposed to "hazardous powders and chemical substances during his employment in the manufacturing department at" defendant Biomet Fair Lawn's facility in Fair Lawn, New Jersey. Moving Br. at 1; *see* Compl. ¶¶ 1–4. In the state court complaint, Plaintiff named the following defendants: Zimmer Biomet; the Howmet Defendants;[2] Arconic, Inc.; Arizona Hydrogen Manufacturing, Inc. ("Arizona Hydrogen"); Fisher Scientific Company; Acros Organics; Dai Ceramics, Inc.; Cannon-Muskegon Corporation; Minwax Company; C-E Minerals, Inc.; Remet Pic, Inc.; and a collection of unnamed corporate defendants, all of which were allegedly involved in the manufacturing or sale of products used by Mr. Obeng during his employment with Zimmer Biomet. *See generally* Compl. Plaintiff asserts 56 counts and seeks both compensatory and punitive damages, as well as attorney's fees. *Id.*; and

**WHEREAS** on September 17, 2025, the Howmet Defendants removed the state court action to this Court based on its diversity jurisdiction. ECF No. 2 ¶¶ 6–38; *see* 28 U.S.C. § 1441(b). In their notice of removal, the Howmet Defendants asserted that there is complete diversity in this action and that the amount in controversy exceeds $75,000. ECF No. 2 ¶ 6; *see* 28 U.S.C. § 1332(a). On October 17, 2025, Plaintiff moved to remand the case to the Superior Court of New Jersey. ECF No. 61; Moving Br.; and

**WHEREAS** pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "Generally, all defendants in a case [who have been properly joined and served] must consent to removal in order to remove an action to federal court." *Brown v. C.R. Bard, Inc.*, 942 F. Supp. 2d 549, 550 (E.D.

[2] In the state court complaint, Plaintiff improperly named Arconic, Inc. as a defendant instead of Howmet Aerospace, Inc. *See* Opp'n Br. at 1; ECF No. 2.

Pa. 2013); *see* 28 U.S.C. § 1446(b)(2)(A). "Once an action has been removed, a plaintiff may challenge . . . removal by moving to remand the case back to State court," *Newton v. S. Jersey Paper Prods. Co., Inc.*, No. 19-17289, 2020 WL 2059954, at *2 (D.N.J. Apr. 29, 2020), for either "(1) [a] lack of district court subject matter jurisdiction or (2) a defect in the removal procedure," *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). And on a motion to remand, "the party asserting jurisdiction ([*i.e.*,] the removing party) bears the burden of establishing that the action is properly before the court." *Tomasino v. Guzman-Nieves*, No. 16-1034, 2016 WL 5816818, at *1 (W.D. Pa. Oct. 5, 2016); and

**WHEREAS** in her motion, Plaintiff argues that removal was improper for two reasons. First, she claims that "removal was improper," because the notice of removal "failed to identify the citizenship of" Biomet Fair Lawn and therefore does not allow the Court to exercise diversity jurisdiction. Moving Br. at 1–2. Second, Plaintiff argues that removal "was procedurally defective as removing Defendants failed to obtain or file the consent of all properly joined and served defendants," specifically "consent from . . . Defendant Arizona Hydrogen." *Id.* at 2 (citing 28 U.S.C. § 1446(b)(2)(A)). As explained below, the Court has diversity jurisdiction, but finds at least one procedural deficiency with the Howmet Defendants' notice of removal; and

**WHEREAS** concerning her first argument, the Court is satisfied that complete diversity of citizenship exists in this action.[3] Biomet Fair Lawn is an Indiana LLC, *see* ECF Nos. 8, 71, 118, and an LLC's citizenship "is determined by the citizenship of each of its members," *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). Biomet Fair Lawn's sole member is Biomet, Inc., an Indiana corporation with its principal place of business in Warsaw, Indiana.

[3] "The [C]ourt is required to address the jurisdictional issue in the plaintiff's motion to remand before" addressing others. *Austin v. Nugent,* No. 16-1567, 2016 WL 7048994, at *2 n.2 (M.D. Pa. Dec. 5, 2016).

ECF No. 118 at 1–2. Therefore, because Plaintiff is a citizen of New Jersey, ECF No. 2 ¶ 9, the Court is satisfied that Biomet Fair Lawn's participation in this litigation does not deprive the Court of subject matter jurisdiction; and

**WHEREAS** concerning her second argument, the Court agrees that (at least on the current record) the Howmet Defendants failed to obtain Arizona Hydrogen's consent to remove this action. When "a civil action is removed solely under" § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Despite the Howmet Defendants' assertion in their notice of removal that "there is no evidence Arizona Hydrogen has been served," ECF No. 2 ¶ 17, Plaintiff appears to have served Arizona Hydrogen's registered agent in August 2025, ECF No. 61-2, Exs. C, D; *see also Neis v. Heinsohn/Phoenix, Inc.*, 628 P.2d 979, 981–83 (Ariz. Ct. App. 1981); and

**WHEREAS** the Howmet Defendants do not raise service-related issues in their opposition to Plaintiff's motion to remand. Instead, the Howmet Defendants argue in their briefing that Arizona Hydrogen is a "nominal party" whose consent is not required for removal. Opp'n Br. at 10; and

**WHEREAS** a nominal party need not "join [a] removal" petition. *Hart v. Duke Realty Ltd. P'ship*, No. 20-1462, 2020 WL 3819141, at *2 n.3 (E.D. Pa. July 8, 2020); *see Balazik v. Cnty. of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995). A nominal party is a party who lacks an "actual interest in the outcome of the litigation." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 359 (3d Cir. 2013); *Carlyle Inv. Mgmt. LLC v. Plaza Mgmt. Overseas S.A.*, No. 12-1732, 2013 WL 4407685, at *2 (D. Del. Aug. 14, 2013) ("[A] 'defendant is nominal if there is no reasonable basis to impose, or legal possibility of, legal liability.'" (citation omitted)), *aff'd sub*

*nom. Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214 (3d Cir. 2015); *Cacoilo v. Sherwin-Williams Co.*, 902 F. Supp. 2d 511, 522 (D.N.J. 2012); and

**WHEREAS** in their notice of removal, the Howmet Defendants state that Arizona Hydrogen, an Arizona corporation with its principal place of business in Arizona, "was voluntarily dissolved on January 3, 2024." ECF No. 2 ¶ 17; *see also* ECF No. 87-4, Ex. D (Articles of Dissolution for "Arizona Hydrogen Manufacturing, Inc." listing date on which dissolution was authorized as October 23, 2023"); ECF No. 61-2, Ex. F. Although "extinct corporation[s]" are often nominal parties, *Scioli Turco, Inc. v. Phila. & Reading R.R. Co.*, No. 21-563, 2023 WL 3007926, at *2 (E.D. Pa. Apr. 19, 2023), the Howmet Defendants have failed to carry their "heavy burden of persuasion to prove that [Arizona Hydrogen] is nominal," *Battle v. Old Navy, LLC*, No. 21-3238, 2021 WL 4037475, at *2 (E.D. Pa. Sept. 3, 2021); and

**WHEREAS** to determine whether a dissolved corporation is a nominal party to a lawsuit, the Court must examine the entity's "capacity to sue or be sued" under "the law under which" the entity "was organized." *Ryan Env't, Inc. v. Hess Oil Co.*, 718 F. Supp. 2d 719, 724 (N.D. W. Va. 2010) (quoting Fed. R. Civ. P. 17(b)); *see, e.g.*, *Chavez v. Chen*, No. 25-552, 2026 WL 396166, at *2 n.2 (D.N.M. Feb. 12, 2026) (examining California law to determine whether a dissolved California corporation was a nominal party); *Kozlowski-Schumacher v. Pinecrest Acad. of Idaho, Inc.*, No. 24-84, 2024 WL 3067275, at *3 (D. Idaho June 20, 2024) (same for Idaho law and a dissolved Idaho corporation); *Colon v. SmithKline Beecham Corp.*, No. 09-1073, 2010 WL 46523, at *4 (S.D. Ill. Jan. 5, 2010) (same for Pennsylvania law and a dissolved Pennsylvania corporation); *Bejcek v. Allied Life Fin. Corp.*, 131 F. Supp. 2d 1109, 1113 (S.D. Iowa 2001) (same for Iowa law and a dissolved Iowa corporation); *see also G.E. Lancaster Invs., LLC v. Am. Express Tax & Bus. Servs., Inc.*, No. 07-2345, 2007 WL 2600268, at *3 n.2 (E.D. Pa. Sept. 4, 2007). This inquiry is

relevant because a party's nominal status generally hinges on whether "there is [any] possibility [that] the plaintiff can establish a cause of action against" it. *Lopienski v. Centocor, Inc.*, No. 07-4519, 2008 WL 2565065, at *2 (D.N.J. June 25, 2008); *see also McCarthy v. Hamilton Farm Golf Club, LLC*, No. 11-1565, 2011 WL 1775728, at *4 (D.N.J. May 9, 2011) ("[A] plaintiff's intention [and ability] to obtain a judgment against a defendant is distinct from that plaintiff's prospect of collecting damages from that defendant." (citing *Jocz v. Eichleay Engrs., Inc.*, No. 08-4063, 2008 WL 5157503, at *6 (E.D. Pa. Dec. 9, 2008)); and

**WHEREAS** under Arizona law, "[d]issolution of a corporation does not" by itself "[p]revent commencement of a proceeding by or against the corporation in its corporate name." *Sierra-Sonora Enters., Inc. v. Domino's Pizza, LLC*, No. 10-105, 2010 WL 1780998, at *2 (D. Ariz. May 4, 2010) (quoting Ariz. Rev. Stat. Ann. § 10-1405(B)(5)). Instead, Arizona law provides procedures by which a dissolved corporation may dispose of known and unknown claims against it. Ariz. Rev. Stat. Ann. §§ 140-1406, 140-1407; and

**WHEREAS** the Howmet Defendants' briefing on this point does not cite to Arizona law; instead, the Howmet Defendants rely on case law involving the law of other jurisdictions, as well as cases with facts dissimilar to those presented here. *See, e.g.*, Opp'n Br. at 11–13; and

**WHEREAS** furthermore, the Howmet Defendants rely on a declaration from Heather Hill, Esq., which states that former counsel for Arizona Hydrogen told Ms. Hill that Arizona Hydrogen is "insolvent." ECF No. 87-5, Ex. E ¶ 7. But insolvency generally indicates that a company's liabilities exceed its assets, *see In re F.H.L., Inc.*, 91 B.R. 288, 294 (Bankr. D.N.J. 1988), not that a company lacks any real interest in any given lawsuit, *see McCarthy*, 2011 WL 1775728, at *4. In addition, the Howmet Defendants' statement in their briefing that Arizona Hydrogen has no assets because its "corporate assets have long since been distributed" appears to be

unsubstantiated.[4] Opp'n Br. at 3; *see also Brook as Tr. of David N. II Tr. v. McCormley*, 837 F. App'x 433, 437 (9th Cir. 2020) (noting that dissolution under Arizona law does not transfer title to the corporation's property). And in any event, as noted above, "'nominal party' status is not determined by the [feasibility] of collecting damages from a liquidated or dissolved corporation." *Jocz*, 2008 WL 5157503, at *6. Therefore, the Howmet Defendants have not shown that Arizona Hydrogen is a nominal party; and

**WHEREAS** the Howmet Defendants ask the Court to "grant leave to cure the defect" if the "Court determines that Arizona Hydrogen is not a nominal defendant and a procedural defect exists." Opp'n Br. at 13. In the interests of justice and judicial economy, the Court will provide the Howmet Defendants with leave to amend their notice of removal. *See Speedwell, LLC v. Town of Morristown*, No. 21-18796, 2022 WL 2209866, at *4 (D.N.J. June 21, 2022).

Accordingly, **IT IS** on this 17th day of August 2026;

**ORDERED** that the Plaintiff's motion to remand (ECF No. 61) is **GRANTED IN PART** and **DENIED IN PART** without prejudice; and it is further

**ORDERED** that the Howmet Defendants shall have forty-five (45) days from the date of this Memorandum Order to file a further amended notice of removal that addresses the deficiencies identified herein; and it is finally

**ORDERED** that if the Howmet Defendants do not file an amended notice of removal within forty-five (45) days of this Memorandum Order, this action will be remanded to Superior Court of New Jersey, Law Division, Bergen County.

---

[4] On this point, Plaintiff correctly points out that Arizona Hydrogen's Articles of Dissolution do not show that the corporation's "remaining . . . assets have been distributed to shareholders." Reply Br. at 11.

**SO ORDERED**.

*/s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**